## MAINTENANCE OF FENCES ON RAILWAY RIGHTS-OF-WAY.

Common Pleas Court of Licking County.

ANDREW HULSHIZER V. THE B. & O. R. R. Co.

Decided, January Term, 1912.

*Railways—Liability for Insufficient Fence on Right-of-way—Agreement
Made by Predecessor in Title, Upon Subdividing His Tract, to Main-
tain Fence Not Available to the Railway Company—Section* 8918.

Liability of a railway company for live stock killed by a train is not
defeated by an agreement on the part of a predecessor in title to
build and maintain a right-of-way fence, in the absence of an
averment by the railway company that compensation for the
building of the fence was taken into account and made a part of
the consideration to be paid to the land owner by the railway
company at the point where the stock was killed.

*Smythe & Smythe,* for plaintiff.
*Kibler & Kibler* and *Durban & King,* contra.

SEWARD, J. (orally).

This case is submitted to the court upon a demurrer to the
second defense. The demurrer raises an interesting question.
The suit is brought to recover damages for a number of sheep
which got through a fence where it was defective, or was down,
and were killed by a train belonging to the railroad company.
It is submitted to the court upon a demurrer to the second de-
fense, which reads as follows:

"For a second defense, defendant says that at the place
where the sheep mentioned in the amended petition got access to
the railroad right-of-way, said right-of-way and the land ad-

joining the same, from which said sheep passed on to said right-of-way, was formerly one tract of land, and that the owner thereof, for a valuable consideration, granted said right-of-way to the predecessor in title to the present owner of said right-of-way, and agreed to build and maintain the right-of-way fences, which said grant was duly recorded in the deed records of said Licking county, and the title to said adjoining real estate has since passed by successive conveyances to the owner thereof at the time said sheep were killed.''

This demurrer raises the question as to whether that allegation makes a defense to the cause of action alleged in the petition.

In support of the demurrer, the plaintiff cites the 27th O. S., at page 240, and the 40th O. S., at page 206, which would seem to be decisive of the contention raised by the answer and the demurrer, if it were not for the fact that the statute had been amended.

Prior to 1859, a railroad company was not required to build or maintain a fence along the right-of-way. The defendant relies upon the Wood case in the 47th O. S., at page 431, and upon Section 3329 of the Revised Statutes (8918 of the General Code). This act was passed April 18, 1874, amending Section 4 of the act of March 25, 1859, and is the first act which required a railroad company to build and maintain a fence along its right-of-way, and made a railroad company liable in case stock got upon the right-of-way and were injured, whether the company was guilty of negligence in managing or running its trains or not. The act of 1859 required the company to build and maintain fences, and made it liable for injuries to animals which might be injured on the track, which were on the track by reason of the want of a fence, or insufficiency of the fence. This continued to be the law until the act of 1874, found in 71 O. L., page 85, when it was amended, by adding these words found in the first clause of Section 8918:

''The provisions of the preceding sections relating to fences shall not apply to any case in which compensation for building a fence has been or may hereafter be taken into consideration, and estimated as a part of the consideration to be paid for the.

right-of-way, so far as the fence has been or may be settled or paid for.''

. The case in the 27th O. S. was determined under the act of 1859, which did not contain this clause which I have just read, and was in conformity with the statutory law in existence at that time.    The case in the 40th O. S. was decided under the act of 1874; but the pleader in the 40th O. S. did not bring his case within the provisions of the amendment, and probably could not do it.    I read from the 40th O. S., at page 211, the case of *Railroad Company* v. *Allen*.    The Supreme Court in this case found for the plaintiff, and found that he was entitled to recover the damages alleged in his petition, or such damages as the lower courts found that he was entitled to.    The Supreme Court say at page 211:

''We need not here inquire, how far or in what manner, its contract with the Dayton & Southeastern Railroad Company, or the contract between the last named company and Lucas, affected the liability of the railway company to either of said contracting parties.    The plaintiff in error can claim no benefit from said contracts, as against Allen, the plaintiff below.  Not being an assignee of Lucas [that is important in the determination of this matter], not being a party or privy to said contracts, or connected with them in fact or law in any manner, the rights of Allen are not to be prejudiced by their provisions. In view of the aforegoing considerations, and upon a careful examination of the record in this case, we discover no error assigned for which the judgment of the district court should be reversed.''

This was a case where the railroad company—I believe it was the P., C. & St. L. Railway Company—had a right-of-way, and had it properly fenced.    It conveyed a portion of its right-of-way to the Dayton & Southern Railroad Company, south of its track, and provided that the Southern Railroad should build and maintain the fence.    The Southern Railroad Company failed to maintain a proper fence; the plaintiff's horses got through and one of them was killed.    That was under the act of 1874 (71 O. L., page 85) and the Supreme Court held that he was entitled to recover.

The defendant in this case relies upon the 47th O. S., at page 431, which is the Wood case. It went up from Mt. Vernon, or from Knox county, rather. This is a case very much like the case at bar, and the pleader brought himself within the provisions of the section of the statute by using the following language in the allegation in regard to the fence:

"In the third it averred that in the grant of the right-of-way throught the lands at the place where the cattle wandered upon the railroad track at the time named in the petition, the owner and grantor of the right-of-way agreed to build and keep in repair fences on both sides of the railroad track [that is not alleged in the case at bar] and such agreement of the owner and grantor was taken into account, and compensation therefor allowed and estimated as a part of the consideration paid by the company for the right-of-way [no such allegation as that is made in the case at bar] and denied any negligence in running the train by which the animals were killed."

The Supreme Court, in passing upon this case, in distinguishing this case from the 40th O. S., and the 27th O. S., make use of this language at page 435—they are referring to the 40th O. S. and the 27th O. S.:

"It was not a case where the defendant did, or could, aver that compensation for building the fence had been taken into account and estimated as a part of the consideration to be paid the landowner for its right-of-way at the point where the stock got on the track."

This defendant does not make any such allegation, and the court thinks the demurrer to this defense should be sustained.